Filed 9/25/20  In re D.N. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

|  |  |
|---|---|
| In re D.N. et al., Persons Coming Under the Juvenile Court Law. | B299211 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 19CCJP01974A,B) |
| Plaintiff and Respondent, |  |
| v. |  |
| A.N., Sr., |  |
| Defendant and Appellant; |  |
| E.P., Sr., |  |
| Defendant and Respondent. |  |

APPEAL from orders of the Superior Court of Los Angeles County, Brett Bianco, Judge.  Affirmed.

Christopher Blake, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, Kristine P. Miles, Assistant County Counsel, and Kim Nemoy, Principal Deputy County Counsel, for Plaintiff and Respondent.

Jesse McGowan, under appointment by the Court of Appeal, for Defendant and Respondent.

———————————————

In this juvenile dependency appeal, Alejandro N. challenges two rulings: a paternity finding about a child, and a separate denial of reunification services. He has forfeited the first issue about paternity. On the second issue, the juvenile court had good reason to rule as it did. We affirm all around.

## I

Confidentiality and anonymity are desirable in juvenile dependency actions, but can make it hard to describe clearly the actors in an appeal. That problem is acute here, for there are many actors, and generic labels conceal their memorable individuality. We balance the interests at stake, favoring the interest in confidentiality. But we regret the abstracted nature of the factual presentation that follows.

## A

First, the people. This appeal involves three parties.

The appellant is Alejandro N., whom the juvenile court declared the presumed father of two girls.

The respondents are the Department of Children and Family Services and a man named Edgar P., who has been declared the presumed father of the younger of the two girls.

Neither the mother nor the girls themselves are parties in this appeal.

For the first issue, the paternity issue, the two appellate actors are the two men:  appellant Alejandro N. versus respondent Edgar P.  Alejandro N. wants to be the sole presumed father of the younger girl.  Alejandro N. attacks the court finding that Edgar P. is also a presumed father of this girl.

On the second issue, the reunification issue, one party again is appellant Alejandro N.  He wanted family reunification services from the Department.  The Department opposes this demand, which the juvenile court denied.

B

Next, the procedural history, which is extensive.  Alejandro N. and Edgar P. both have been involved with Mother, who has seven children.  Drug use and domestic violence have plagued the relationships.  These two men, this woman, and these children have been involved in three different and successive juvenile dependency actions over the years.  These actions were in 2007, 2012, and 2019.  This appeal is from an action begun in 2019.

We sketch the 2007, 2012, and 2019 cases.

1

The 2007 case involved four children Alejandro N. had with Mother.  These children are different from the girls in this case.  The juvenile court removed these four children from Mother's and Alejandro N.'s custody and offered reunification services but the parents failed to reunify.  The maternal grandparents adopted these children in 2008.  These children are not parties to this appeal.

The 2012 action involved three children, two of whom are the girls involved in this case. The third child is not involved in this case.

The juvenile court declared Alejandro N. to be the presumed father of the two girls. This juvenile court closed this case with a family law order granting Mother sole custody and giving Alejandro N. monitored visits.

### 3

The 2019 action began on March 28, 2019, when the Department acted on behalf of three children. Two were the girls from the 2012 case, who were ages 10 and eight by the time of the disputed hearings in this case. We call these girls the 10-year-old girl and the eight-year-old girl. The third child was a one-year-old boy whose father is Edgar P. This boy is not involved in this appeal.

We have transcripts from four hearings in this 2019 action: March 29; April 2; May 9; and May 20.

Before we review each hearing date by date, we observe the first two hearings, on March 29, 2019 and April 2, 2019, proceeded without involving Alejandro N., who entered prison on July 13, 2018. The term was four years for domestic violence. For the third and fourth hearings, however, Alejandro N. appeared by phone and was represented by an attorney in the courtroom.

### a

On March 29, 2019, the juvenile court proposed to find Edgar P. to be the presumed father of the eight-year-old girl and the 10-year-old girl, based on statements by Mother and Edgar P. The attorney for the girls asked the court to defer this paternity

finding as to the eight-year-old girl until the attorney could speak to the girl "about either relationship with the fathers . . . ." The girl reportedly had not been able to come to court that day because of lice. The court agreed to defer the question of paternity.

b

At the April 2, 2019 hearing, the girls attended and their attorney was able to speak with them. The court returned to the topic of paternity. The girls' lawyer asked the court to find Alejandro N. was the presumed father of the 10 year old and Edgar P. was the presumed father of the eight year old. The court agreed and ordered these findings.

Recall the court in 2012 had designated Alejandro N. as the presumed father of both girls. So, as of April 2, 2019, Alejandro N. remained the presumed father of both girls, and now the court had added Edgar P. to be the second presumed father of the eight year old.

c

The court reconvened on May 9, 2019, now with the telephone participation of Alejandro N. from his place of incarceration. The court appointed counsel for Alejandro N. This attorney actively participated.

The court asked Alejandro N.'s attorney whether she wanted to speak to the issue of parentage. She said yes: her client wanted "presumed father status" for the eight-year-old girl. The attorney noted the court previously found Alejandro N. to be the presumed father of the 10 year old. The court said, "All right. Thank you. Does anyone wish to be heard on that issue?"

5

The attorney for Edgar P. reported his client "has no objection as he retains his presumed [father] status as well" for the eight-year-old girl.

Alejandro N. thus asked the court to find the eight-year-old girl had two legally presumed fathers. No one objected. No one asked for DNA or other analysis to ascertain whether Alejandro N. or Edgar P. was her biological father.

The court did as Alejandro N. asked: it found both Alejandro N. and Edgar P. to be the presumed fathers of the eight-year-old girl.

The parties turned to other topics. One was the Department's recommendation Alejandro N. should receive no family reunification services. The court continued the matter so Alejandro N.'s lawyer could gather information on this score.

d

The final hearing was on May 20, 2019. The Department reiterated its recommendation that Alejandro N. should receive no family reunification services. The girl's attorney shared this view. Mother's lawyer took no position.

The court thanked the lawyers for their comments and solicited Alejandro N.'s views. His attorney asked for reunification services to Alejandro N. The juvenile court thanked counsel and denied reunification services for Alejandro N., citing Welfare and Institutions Code section 361.5, subdivisions (b)(10), (11), and (e).

Alejandro N.'s lawyer expressly objected to this ruling. The court thanked counsel for her comment.

The court added that, should Alejandro N. "be paroled and if he can demonstrate that he has addressed the issues that led to the issues that brought him before the court and if he's interested

in reunification services at that time, he can always file a [petition for a change of order under section] 388" of the Welfare and Institutions Code.

Alejandro N. appealed. No one joins his appeal. In particular, neither the girls nor their mother have appealed or have given us briefing.

## II

Alejandro N. raises two issues.

First, he objects to the juvenile court's order that Edgar P. is a presumed father of the eight-year-old girl. Alejandro N. would like to oust Edgar P. and would like to be the sole presumed father of this girl. The girl has not joined his appeal, nor has Mother. Only Edgar P. disputes this argument; the Department takes no position.

Second, Alejandro N. objects to being denied family reunification services. The Department responds on this issue; Edgar P. takes no position on it.

We treat these two issues in turn.

## A

Alejandro N.'s first claim is the juvenile court erred by finding Edgar P. is a presumed father of the eight-year-old girl. Alejandro N. argues he and he alone should be this girl's presumed father.

Alejandro N. has forfeited this argument.

The attorney for Alejandro N. never presented this argument to the juvenile court. His attorney did not object to the decisions at the May 9, 2019 hearing. Rather, Alejandro N.'s lawyer informed the court the eight-year-old girl currently had a presumed father—this was Edgar P.—and then requested that Alejandro N. be added as her second presumed father.

7

The juvenile court granted Alejandro N.'s request.

Afterwards, counsel for Alejandro N. expressly and on the record stated there was no objection.

This is forfeiture.

A party forfeits its claim of error on appeal if the party failed to raise the issue in the trial court. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) Alejandro N. admits his lawyer did not raise this issue in the trial court.

The forfeiture rule is a fundamental precept of sensible appellate administration. The rule encourages parties to bring issues to the attention of the trial court in a timely fashion, thus giving the other side notice and an opportunity to be heard. Once alerted by an objection, the trial court also can attempt to resolve the issue swiftly and efficiently. If a party does not object to the trial court but instead waits to announce dissatisfaction only in an appellate forum, it causes delay. This delay can be glacial in terms of the life of an eight year old. It also hinders opportunities for informed and inventive trial courts to facilitate dispute resolution on the spot. (See *People v. Welch* (1993) 5 Cal.4th 228, 236 [requiring objections encourages "development of the record and a proper exercise of discretion in the trial court"].)

Alejandro N. claims it would have been futile for his lawyer to object to the trial court. This argument is misplaced. Nothing about either of the two hearings would have made it futile for his counsel to object. (Cf. *People v. Hill* (1998) 17 Cal.4th 800, 821 [finding futility when trial court responded to appellant's objections with comments before the jury suggesting lawyer was an obstructionist who was delaying the trial with meritless objections, and opposing counsel demeaned appellant with a

barrage of unethical attacks the trial court consistently failed to rein in, all of which created a "poisonous" trial atmosphere].)

The juvenile court's conduct of these hearings was respectful, receptive, and professional in every way. The court made counsel's contributions welcome, not futile. The court thanked counsel for their contributions.

Alejandro N. protests the hearing on April 2, 2019. He says that the trial court should not have made paternity findings at this detention hearing, that this earlier hearing was "nothing more than a travesty," and that the trial court "should have vacated its own rulings *sua sponte* and not waited for any request from any of the parties." These protests do not alter the decision by Alejandro N.'s lawyer on May 9, 2019 to avoid questions about the presumed paternal status of Edgar P. On the record, the trial court demonstrated its willingness to hear from all counsel on any issue counsel cared to raise. Alejandro N.'s lawyer made one request of the court, which it granted, and signified there were no other concerns. This inaction, possibly tactical in character, forfeited Alejandro N.'s ability to appeal a decision he did not challenge in the trial court.

B

The second issue is whether the juvenile court erred by denying reunification services to Alejandro N. This order was not error. It was proper under subdivision (b)(10) of Welfare and Institutions Code section 361.5.

The facts are undisputed. When these hearings began, the two girls were not in Alejandro N.'s custody, nor did he request custody at the disposition hearing. Alejandro N. raises the legal question of whether the juvenile court could nonetheless remove the girls from his custody and proceed to deny him reunification

9

services.  We independently review this legal question.  (*In re R.C.* (2011) 196 Cal.App.4th 741, 748.)

The pertinent statute is subdivision (b)(10) of Welfare and Institutions Code section 361.5.  This statute has a two-pronged test.  The first prong need not detain us; Alejandro N. concedes it.

The second prong (with our italics) inquires whether Alejandro N. "subsequently made a reasonable effort to treat the *problems* that led to removal of the sibling or half sibling of that child from that parent."  (Welf. & Inst. Code, § 361.5, subd. (b)(10).)  We italicize "problems" because this case turns on that statutory word.

Alejandro N. says his past "problems" were confined to *drug* problems, and there was no proof at the hearing that he has had recent or current *drug* problems during his incarceration.

The Department correctly responds, however, that Alejandro N.'s past parenting problems were not limited to *drug* problems.  Alejandro N. also had a domestic violence problem.  The record included information about his verbal altercations that placed children at risk of physical harm, damage, and danger.

The Department likewise observes Alejandro N. was serving a four-year sentence for domestic violence at the time of the juvenile court hearing.

Alejandro N.'s retrograde motion contradicts his suggestion he has made "a reasonable effort" to treat his domestic violence problem.

As a matter of law, this domestic violence incarceration shows the juvenile court was right to deny Alejandro N.'s request for family reunification services.

10

In reply, Alejandro N. maintains there were no allegations of domestic violence against him in *this* 2019 case. "So the fact that he may have had domestic violence issues with someone who had no connection with the children so far as this record is concerned is irrelevant."

Not so. A propensity to commit domestic violence is a problem transcending any single legal case. (E.g., Evid. Code, § 1109, subd. (a)(1).) Alejandro N.'s domestic violence incarceration validates the juvenile court's ruling.

**DISPOSITION**

We affirm.

WILEY, J.

WE CONCUR:

BIGELOW, P. J.

STRATTON, J.

11